# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OWEN MARFIA, | : Civil No. 1:22-CV-02029 |
| Plaintiff, | : |
| v. | : |
| GETTYSBURG AREA SCHOOL DISTRICT, *et al.* | : |
| Defendant. | : Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is the motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6) filed by Defendant Gettysburg Area School District ("GASD"). (Doc. 20.)  As relevant here, Plaintiff Owen Marfia ("Owen")[1] brings one claim for a violation of 20 U.S.C. § 1681(a) ("Title IX") and one claim for negligence, gross negligence, and recklessness against GASD arising from a teacher employed at GASD allegedly grooming Owen for a number of years while enrolled at GASD and then later sexually assaulting Owen. (Doc. 18.)  For the reasons that follow, GASD's motion will be denied in part and granted in part.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Owen initiated this action by filing a complaint on December 21, 2022. (Doc. 1.)  GASD filed its first motion to dismiss for failure to state a claim on

---

[1] For clarity, the court will refer to Plaintiff Owen Marfia as "Owen" in order to avoid confusion with Defendant Vincent Marfia.

1

February 17, 2023. (Doc. 9.) Defendant Adams County filed a motion to dismiss for failure to state a claim on March 6, 2023. (Doc. 15.) Thereafter, on March 10, 2023, Owen filed an amended complaint. (Doc. 18.)

In the amended complaint, Owen seeks to hold both Adams County Children and Youth Services ("CYS") and GASD liable for their actions or inactions regarding the sexual abuse he suffered at the hands of his adoptive father, who worked at both CYS and GASD. (*Id.*) Specifically, Owen alleges that Marfia was employed at CYS from July 13, 1992, until his resignation on September 24, 1993. (*Id.* ¶ 17.) While employed at CYS, Marfia began displaying inappropriate behaviors with the children with whom he worked, including spending excessive amounts of time with the young male children, spending the night with the families, giving certain young male children special treatment, bringing the children he supervised to his home, and using "ritualized bathing" to touch the young male children. (*Id.* ¶¶ 18–23.) Owen alleges that Marfia was "released from employment" from CYS, in part due to these allegations, but that he was allowed to resign so that CYS could cover up his abusive conduct. (*Id.* ¶¶ 26, 27.) Owen alleges that CYS did not notify the proper authorities of Marfia's conduct. (*Id.* ¶ 30.)

Marfia began teaching at GASD in about 2001 and continued his employment there until 2021. (*Id.* ¶¶ 31, 32.) Owen alleges that Marfia was hired

2

without a proper background check and CYS failed to advise GASD of Marfia's conduct while at CYS.  (*Id.* ¶ 35.)  While at GASD, Marfia again had inappropriate contact with young male students, including having a reputation of paying too much attention to young males, taking young males from "rough situations" under his wing, hugging students, taking young boys to his house to play games and having them sleep over at night, and having his favorite young male student sit close to his desk in his classroom.  (*Id.* ¶¶ 36–42.)

Marfia met Owen during the 2008–2009 school year, when Owen was a second-grade student, and Marfia was a teacher in the middle school.  (*Id.* ¶¶ 56–57.)  Owen's older brother was in Marfia's class and was one of his "favorites." (*Id.* ¶ 61.)  Marfia then took an interest in the whole family because they were without a father figure.  (*Id.* ¶ 62.)  Owen and his sibling began visiting Marfia's home at night and on the weekends.  (*Id.* ¶ 63.)  Marfia took Owen home after school to spend the night.  (*Id.* ¶ 67).

While at Marfia's home, Owen alleges Marfia began grooming him, including praising Owen, giving him toys and extra attention, sleeping in the same bed as Owen and hugging and touching him while they slept, and personally bathing Owen last of all the children in the home so they would be alone.  (*Id.* ¶¶ 71–78.)  At school, Marfia would also go to Owen's classroom and take him

back to Marfia's middle school classroom, spending "excessive amounts" of time with Owen on GASD property.  (*Id.* ¶¶ 83, 84.)

People at GASD, including volunteers, employees, or agents, knew of Marfia's grooming behavior of young male students and were concerned about it.  (*Id.* ¶ 98.)  Parents and teachers complained to GASD supervisors about Marfia's conduct with young boys.  (*Id.* ¶ 46.)  No "meaningful" action was taken regarding these complaints.  (*Id.* ¶ 99.)

Owen was under the supervision of CYS from approximately May 18, 2007, until August 25, 2010.  (*Id.* ¶ 85.)  His CYS case was closed when he began living full time with the Marfias in about August 2010, despite CYS' alleged knowledge of Marfia's inappropriate behavior while an employee of CYS.  (*Id.* ¶ 88.)  Marfia became Owen's legal guardian when Owen was about ten years old, in 2010.  (*Id.* ¶ 92.) When Marfia became his legal guardian, Owen transferred schools to Littlestown School District.  (*Id.* ¶ 94.)  After Owen moved in with the Marfias, the grooming behavior escalated to sexual contact for over four years, until Owen was 14 years old, including oral sex.  (*Id.* ¶¶ 95, 97.)  Owen was formally adopted by Marfia in April 2013.  (*Id.* ¶ 93.)  CYS had actual knowledge of Owen's sexual abuse prior to his adoption, due to "documents" provided to CYS in January 2013.  (*Id.* ¶ 103.)

4

Marfia was criminally charged in 2020 relating to his abuse of Owen. (*Id.* ¶ 106.) On April 4, 2022, Marfia pleaded guilty to two counts of corruption of minors. (*Id.* ¶ 107.)

In the amended complaint, Owen alleges a violation of Title IX against GASD in Count I, negligence, gross negligence, and recklessness against GASD in Count II, negligence, gross negligence, and recklessness against Adams County in Count III, assault and battery against Marfia in Count IV, and intentional infliction of emotional distress against Marfia in Count V. (*Id.* ¶¶ 109–143.) GASD filed a second motion to dismiss for failure to state a claim on March 22, 2023. (Doc. 20.) Adams County answered the amended complaint on March 23, 2023 and Marfia answered the amended complaint on March 30, 2023. (Docs. 22, 23.) GASD's motion to dismiss has been fully briefed and is ripe for disposition.

## JURISDICTION AND VENUE

This court has jurisdiction under 28 U.S.C. §§ 1331 because Owen bring a claims arising under a federal statute. This court also has supplemental jurisdiction over state law tort claims under 28 U.S.C. § 1367 because the state law claims are sufficiently related to the federal claims. Venue is appropriate under 28 U.S.C. § 1391 because all actions or omissions alleged occurred in the Middle District of Pennsylvania.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

GASD argues that the amended complaint should be dismissed because it fails to state a claim of sex discrimination under Title IX and also that the allegations in the complaint do not meet an exception to state law immunity contained in 42 Pa.C.S. § 8542. (Doc. 21.) Owen responds that he has sufficiently

stated a claim of a sex discrimination under Title IX, but makes no argument regarding state law immunity.  (Doc. 24.)  The court will address each in turn.

### A. GASD's motion to dismiss the Title IX claim will be denied.

Title IX seeks to ensure that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ."  20 U.S.C. § 1681(a).  Sexual harassment is a form of discrimination on the basis of sex.  *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986).  To state a claim for a violation of Title IX and hold a school district liable when a teacher sexually harasses a student, a plaintiff must allege that "a recipient of federal education funds" was "deliberately indifferent to known acts of sexual harassment by a teacher" and this deliberate indifference caused them to be subject to discrimination.  *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 641–43 (1999) (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291 (1998)).  A school district "causes" the student to be subject to discrimination when "the recipient [school district] exercises substantial control over both the harasser and the context in which the known harassment occurs."  *Davis*, 526 U.S. at 645.  "[T]hese conditions are satisfied most easily and most obviously when the offender is an agent of the recipient."  *Id.*; *see also Douglas v. Brookville Area Sch. Dist.*, 836 F. Supp. 2d 329, 343–44 (W.D. Pa. 2011).  Finally, a plaintiff must

allege "the harassment deprived the plaintiff of access to educational opportunities or benefits." *Doe v. Pennridge Sch. Dist.*, 413 F. Supp. 3d 393, 402 (E.D. Pa. 2019).

GASD argues that the amended complaint fails to state facts sufficient to show that the harassment occurred under its substantial control, GASD had actual notice and acted with deliberate indifference, and there was a loss of educational benefit. (Doc. 21, pp. 6–8.)[2] Owen argues that he alleged facts sufficient to show harassment occurred at GASD because he alleges facts showing Marfia groomed him while a student at GASD and that acts of sexual abuse happened while Owen was a student at GASD. (Doc. 24, pp. 17–20.) Owen further argues that he has sufficiently alleged that administrators at GASD knew of the substantial danger Marfia posed and his special attention to Owen, yet they did nothing to stop Marfia. (*Id.* at 21–23.)[3]

### 1. Owen has alleged sufficient facts to establish GASD had actual notice.

In order to show that a school district had actual notice of the sexual harassment, a plaintiff must show that an "'appropriate person' knows of sex-based discrimination and refuses to remedy the situation . . . ." *Douglas*, 836 F. Supp. 2d

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

[3] The first element, whether GASD is a recipient of federal funds, is not in dispute. (Doc. 21, p. 6.)

at 347.  An appropriate person is "at a minimum, an official of the recipient entity with authority to take corrective action to end the discrimination." *Gebser*, 524 U.S. at 290.  "A school principal and superintendent will ordinarily be appropriate persons for purposes of Title IX." *Kobrick v. Stevens*, No. 3:13-CV-2865, 2017 WL 3839946, at *16 (M.D. Pa. Sept. 1, 2017), *subsequently aff'd*, 763 F. App'x 216 (3d Cir. 2019).

Further, "[a]ctual knowledge exists if the school was aware of facts that indicated 'sufficiently substantial danger to students.'" *Id.* (citing *Bostic v. Smyrna Sch. Dist.*, 418 F.3d 355, 361 (3d Cir. 2005)).  Knowledge does not require absolute certainty, but does require "more than mere awareness of a risk of harm . . . ." *Id.*  In the context of harassment of a student by a teacher, the appropriate person must have "'actual notice' of the relationship itself, and be deliberately indifferent to the situation, before the relevant school district can be subjected to Title IX liability." *Douglas*, 836 F. Supp. 2d at 346–47.

Owen alleges GASD was aware of facts indicating Marfia was a sufficiently substantial danger to students, including Marfia's reputation for favoring young male students, being too friendly with young male students, hugging young male students, and placing his favorite young male students physically near his desk.  (Doc. 18, p. 6.)  Owen alleges that employees were concerned with Marfia's behavior, and that administrators with the authority to take corrective action knew

9

Marfia invited young male students to his house to play games.  (*Id.* ¶¶ 39, 41.) Owen also alleges that "other parents and teachers complained to GASD supervisors about Marfia's inappropriate conduct with young male students" and that "GASD employees, including GASD administrators with the authority to take corrective action, were aware of Marfia's predatory behavior . . . ."  (*Id.* ¶¶ 41, 46.) Owen also alleges Marfia would spend excessive time with him at school and that Marfia would pull Owen out of his own class to take him to Marfia's class.  (*Id.* ¶¶ 83–84.)

These facts are sufficient to show that administrators at GASD had received complaints regarding Marfia's behavior with other young male students, and that Marfia's favoritism of Owen was on display during school hours.  Marfia favoring young boys was the conduct complained about to GASD.  This is sufficient to satisfy the motion to dismiss standard and allow Owen to conduct discovery regarding what GASD knew regarding Marfia and Owen and exactly who at GASD may have known of their relationship.  *See B.W. v. Career Tech. Ctr. of Lackawanna Cnty.*, 422 F. Supp. 3d 859, 881 (M.D. Pa. 2019) (denying motion to dismiss where plaintiff alleged appropriate person had actual knowledge of repetitive misconduct by teacher); *Kobrick v. Stevens*, No. 3:13-CV-2864, 2014 WL 4914186, at *12 (M.D. Pa. Sept. 30, 2014) (denying motion to dismiss where plaintiff alleged school district had notice of allegation of teacher's misconduct

with a student).  Therefore, Owen has alleged sufficient facts to support this element of his claim.

### 2. Owen has alleged sufficient facts that GASD acted with deliberate indifference.

Deliberate indifference under Title IX is premised on the administrative enforcement scheme which requires "an official decision by the recipient not to remedy the violation." *Gebser*, 524 U.S. at 290.  The school district's response or failure to respond must be "clearly unreasonable in light of the known circumstances." *Lansberry v. Altoona Area Sch. Dist.*, 318 F. Supp. 3d 739, 751 (W.D. Pa. 2018) (citing *Davis*, 526 U.S. at 648)).

Here, Owen alleges that the administrators of GASD had received complaints from other teachers and parents regarding Marfia's inappropriate conduct with young boys.  Owen further alleges that GASD took "no meaningful action" regarding these allegations.  It is reasonable to conclude at this pleading stage that, if ultimately proven, the failure to investigate allegations of a teacher's allegedly inappropriate conduct with young children is unreasonable, particularly in light of the fact that it is alleged that school administrators knew Marfia was paying extra attention to young boys and spending time with them on weeknights and weekends.  Accordingly, Owen has alleged sufficient facts to show that GASD was deliberately indifferent to the risk posed by Marfia.

### 3. Owen has alleged sufficient facts that he was subject to sexual harassment under GASD's substantial control.

Title IX subjects institutions receiving federal funds to liability for their own actions or inactions, not the actions of their agents or third parties. *Gebser*, 524 U.S. at 290–91. Therefore, the school district's actions or inactions must cause the plaintiff to suffer the discrimination. *Davis*, 526 U.S. at 642. In order to cabin liability in this way, a federal fund recipient's damages liability is limited to "circumstances wherein the recipient exercises substantial control over both the harasser and the context in which the known harassment occurs." *Id.* at 645.

Here, GASD clearly exercised control over Marfia because he was an employee of the school district. Additionally, the alleged grooming behaviors by Marfia often occurred at school, which is a context in which GASD clearly had control. Furthermore, Owen met Marfia by virtue of Marfia's employment as a teacher at GASD. Accordingly, Owen has alleged sufficient facts to show that GASD caused his abuse for purposes of Title IX.

### 4. Owen has alleged sufficient facts showing a loss of educational benefit.

Finally, a plaintiff must show that "the sexual harassment by the teacher . . . was so severe, pervasive, and objectively offensive as to deprive the student of educational benefits or opportunities." *Chancellor v. Pottsgrove Sch. Dist.*, 529 F. Supp. 2d 571, 575 (E.D. Pa. 2008). This is a question of fact, which involves

assessing "the frequency of the offensive conduct; the nature of the unwelcome sexual acts or words, for example, whether the harassment was physical, verbal or both; whether the harassment was merely an offensive utterance; and the relationship between the parties." *Id.*

Here, Owen has alleged Marfia frequently took Owen out of his own classroom to go to Marfia's middle school classroom, undoubtedly interrupting Owen's education. Further, Owen has alleged that the relationship between the two is severe because it was an inordinately close relationship between an adult male teacher and a second-grade child who was not his student. Accordingly, Owen has alleged sufficient facts to show the sexual harassment was severe and pervasive such that it deprived him of educational benefits.

In conclusion, Owen has sufficiently alleged facts to state a claim for a Title IX violation such that the Title IX claim may proceed to discovery. GASD's motion to dismiss Count I will be denied.

**B. GASD's motion to dismiss will be granted on the negligence claim.**

Owen also brings one count of negligence, gross negligence, and recklessness against GASD for failing to do an adequate background check on Marfia and failing to recognize the signs of grooming while Owen attended GASD. (Doc. 18, ¶¶ 118–25.) Owen alleges that GASD does not have immunity from these claims under Pennsylvania's Political Subdivision Tort Claims Act

("PSTCA") due to the "sexual abuse" exception of the PSTCA. (*Id.* ¶ 123.) GASD argues that the sexual abuse exception does not apply because the conduct alleged by Owen does not amount to one of the offenses enumerated in that subsection. (Doc. 21, p. 12.) Owen did not respond to this argument in his brief in opposition. (Doc. 24.) However, the court will still address the merits of GASD's argument.

The PSTCA "governs the extent to which [a] political subdivision [like GASD] may be held liable in tort." *Jean v. City of Phila.*, 604 F. Supp. 3d. 271, 274 (E.D. Pa. 2022). Section 8542(b) contains nine "'negligent acts' which if committed by a local agency or agency employee, may subject the local agency to liability." *Id.* The subsection relevant to the instant motion is subsection nine, which provides "[c]onduct which constitutes an offense enumerated under section 5551(7) (relating to no limitation applicable) if the injuries to the plaintiff were caused by actions or omissions of the local agency which constitute negligence." 42 PA. CON. STAT. § 8542(b)(9). Accordingly, a local agency can be held liable for negligent acts or omissions which caused a plaintiff to be subjected to conduct which constitutes one of the enumerated offenses in 42 PA. CON. STAT. § 5551(7). Section 5551(7) provides:

> An offense under any of the following provisions of 18 Pa.C.S. (relating to crimes and offenses), or a conspiracy or solicitation to commit an offense under any of the following provisions of 18 Pa.C.S. if the

offense results from the conspiracy or solicitation, if the victim was under 18 years of age at the time of the offense:

Section 3011(b) (relating to trafficking in individuals).

Section 3012 (relating to involuntary servitude) as it relates to sexual servitude.

Section 3121 (relating to rape).

Section 3122.1 (relating to statutory sexual assault).

Section 3123 (relating to involuntary deviate sexual intercourse).

Section 3124.1 (relating to sexual assault).

Section 3124.2 (relating to institutional sexual assault).

Section 3125 (relating to aggravated indecent assault).

Section 4302 (relating to incest).

Here, Owen alleges that he was "subject to a violation of § 5551(7)," but provides no further explanation of which section enumerated in § 5551(7) he was subjected to. Further, Owen does not allege that any acts of sexual abuse occurred while on the property of GASD or within the district. Accordingly, Owen has not alleged sufficient facts to show that his claim is within an exception to the PTSCA. Moreover, the PTSCA only waives liability for negligent acts, not gross negligence or recklessness. *Doe by Brown v. Harrisburg Sch. Dist.*, No. 19-cv-1027, 2020 WL 4584372, at * 6 (M.D. Pa. Aug 10, 2020). Therefore, GASD's motion to dismiss will be granted without prejudice as to Count II.

CONCLUSION

Based on the foregoing, Owen has sufficiently alleged a violation of Title IX.  However, Owen has not alleged sufficient facts showing that an exception to GASD's sovereign immunity applies.  Thus, Defendant GASD's motion will be denied as to Count I but granted without prejudice as to Count II.  An appropriate order follows.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Judge
> Middle District of Pennsylvania

Dated: December 1, 2023